DISTRICT COURT OF THE VIRGIN ISLANDS   )
DIVISION OF ST. THOMAS AND ST. JOHN   )   :SS

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Andrew Hayden, being duly sworn under oath, do hereby depose and state:

1. I am a Special Agent with the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI), and I have been employed in this capacity since May 2017. I am a graduate of the Criminal Investigator Training Program and the HSI Special Agent Training Academy. Because of my employment with HSI, my duties include, but are not limited to, the investigation and enforcement of Titles 8, 18, 19, 21 and 31 of the United States Code (U.S.C.). I am an "investigative or law enforcement officer of the United States" within the meaning defined in 18 U.S.C. § 2510(7), in that I am an agent of the United States authorized by law to conduct investigations of, and make arrests for, federal offenses.

2. The statements contained in this affidavit are based upon my personal knowledge, as well as information provided to me by other law enforcement officials. All observations not personally made by me were related to me by the individuals who made them or were conveyed to me by my review of records, documents, and other physical evidence obtained during this investigation.

3. This affidavit contains information necessary to support probable cause for this complaint. This affidavit is not intended to include each, and every fact and matter observed by me or known to the United States Government.

4. This affidavit is made solely for the limited purpose of setting forth probable cause to believe that Eduardo Javier REYES and Elaine DE MOURA knowingly and willfully entered the United States at a time and place other than as designated by Immigration Officers, in violation

*United States v. Soufan*
Affidavit in Support of Complaint
Page 2

of Title 8 U.S.C. § 1325. That Viener DOS SANTOS, Cairo GASPAR FERREIRA, and Ronaldo ALVES have been denied admission, excluded, deported or removed from the United States while under an outstanding exclusion, deportation, or removal order, and thereafter entered or attempted to enter, or at anytime was found in the United States, all in violation of Title 8 U.S.C. § 1326(a) and (b). That Arturo Serrano ARIZMENDI knowingly and in reckless disregard of the fact an alien has come to, entered or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law in violation of Title 8 U.S.C. § 1324(a)(1)(A)(ii).

5. On June 7, 2019, at approximately 8:00 P.M. (local time), United States Customs and Border Protection (CBP), Marine Interdiction Agents (MIA) interdicted a maritime vessel off the coast of St. Thomas, USVI in the vicinity of Savannah Island. Prior to the interdiction, the CBP MIA's received notification of two separate water vessels departing St. Thomas, USVI operating without lights as required by law. The CBP MIA's launched their intercept vessel into the waters around St. Thomas, USVI and moved towards Savannah Island where the vessel was spotted operating without lights. The CBP MIA's hailed the water vessel to stop with their onboard emergency lights. The water vessel complied with their commands and CBP MIA's boarded the vessel to identify the vessel's occupants. CBP MIA's identified themselves as law enforcement officers to the occupants of the vessel and asked their citizenship and if they possessed valid documents to legally enter or reside within the United States. Ronaldo Aparecido ALVES, Viener Jose DOS SANTOS, Cairo GASPAR FERREIRA, and Elaine DE MOURA stated they were citizens of Brazil and that they did not have valid documents to legally enter or

*United States v. Soufan*
Affidavit in Support of Complaint
Page 3

reside within the United States. Eduardo Javier REYES identified himself as a citizen of the Dominican Republic and stated he did not have valid documents to legally enter or reside within the United States. Arturo Serrano ARIZMENDI stated he was a United States citizen and provided a Puerto Rico driver's license. All Brazilian nationals were in possession of Brazil passports and Eduardo Javier REYES was found in possession of a Dominican Republic identification card.

6.  Arturo ARIZMENDI explained to the CBP MIA's that he came to St. Thomas, USVI to purchase a boat when he was contacted by an individual unknown to him. The unknown individual requested ARIZMENDI transport five individuals from St. Thomas, USVI to Puerto Rico. ARIZMENDI further told the CBP MIA's he was to be paid $100 US dollars per person to transport the individuals to Puerto Rico. ARIZMENDI also stated he did not ask the immigration status of the individuals he was to transport to Puerto Rico.

7.  All occupants were transported to the Cyril E. King International Airport in St. Thomas, USVI for further identification and processing. Records checks conducted at the Cyril E. King International Airport revealed Cairo GASPAR FERREIRA was previously removed from the United States in 2005, 2018, and 2019. Viener SANTOS was previously removed from the United States in 2009 and 2019. Ronaldo ALVES DE JESUS was previously removed from the United States in 2002, 2009, twice in 2016 and again in 2019. Elaine DE MOURA and Eduardo Javier REYES were not previously removed from the United States.

8.  On June 8, 2019 Special Agent (S/A) Andrew Hayden of Homeland Security Investigation (HSI) interviewed Ronaldo ALVES DE JESUS, Elaine DE MOURA, Cairo GASPAR FERREIRA and Viener SANTOS regarding their travel to St. Thomas, USVI. All

*United States v. Soufan*
Affidavit in Support of Complaint
Page 4

individuals stated they traveled to St. Thomas, USVI from Tortola, British Virgins Islands via water vessel approximately two weeks prior to June 7, 2019. They also stated they did not enter the United States at a designated point of entry. All individuals remained in St. Thomas, USVI awaiting transportation to Puerto Rico until the night of June 7, 2019. On the night of June 7, 2019 all individuals were transported to a water vessel in St. Thomas, USVI, where they departed for Puerto Rico prior to their interdiction by CBP MIA's. During his interview, Viener Jose DOS SANTOS told S/A Andrew Hayden that Arturo ARIZMENDI asked him if he was a legal citizen or not. DOS SANTOS said he stated to ARIZMENDI that he was not a US citizen and ARIZMENDI agreed to transport him to Puerto Rico regardless of this fact. All other individuals interviewed stated they were not asked about their immigration status by ARIZMENDI.

9.	Based on my training and experience, I respectfully submit to the Court that probable cause exists to believe that on or about June 7, 2019, in St. Thomas, within the District of the Virgin Islands, Eduardo Javier REYES and Elaine DE MOURA knowingly and willfully entered the United States at a time and place other than as designated by Immigration Officers, in violation of Title 8 U.S.C. § 1325. That Viener DOS SANTOS, Cairo GASPAR FERREIRA, and Ronaldo ALVES have been denied admission, excluded, deported or removed from the United States while under an outstanding exclusion, deportation, or removal order, and thereafter entered or attempted to enter, or at anytime was found in the United States, all in violation of Title 8 U.S.C. § 1326(a) and (b). Arturo Serrano ARIZMENDI knowingly and in reckless disregard of the fact an alien has come to, entered or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law in violation of Title 8 U.S.C. § 1324(a)(1)(A)(ii).

*United States v. Soufan*
Affidavit in Support of Complaint
Page 5

_____
Andrew Cason Hayden, Special Agent
Homeland Security Investigations

Subscribed and sworn to before me this 10th day of June, 2019.

_____
Honorable Ruth Miller
United Stated Magistrate Judge